UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES W. TOOKER,<br><br>       Plaintiff,<br><br>   v.<br><br>T MAK, et al.,<br><br>       Defendants. | Case No. 20-cv-07373-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL FURTHER RESPONSES; GRANTING MOTION TO SEAL; SUA SPONTE GRANTING EXTENSION OF TIME TO FILE OPPOSITION**<br><br>Re: Dkt. Nos. 28, 33 |

Plaintiff, an inmate housed at Correctional Training Facility ("CTF"), has filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that defendants CTF lieutenants Mak and Deverick, and California Department of Corrections and Rehabilitations ("CDCR") appeals coordinator Lee, denied him due process with respect to his disciplinary proceedings. Dkt. Nos. 1, 6. Defendants have filed a motion to compel further responses to their discovery requests, Dkt. No. 28; a motion for summary judgment, Dkt. No. 32; an administrative motion to file certain documents under seal, Dkt. No. 33. For the reasons set forth below, the Court GRANTS IN PART AND DENIES IN PART the motion to compel further responses, Dkt. No. 28; GRANTS the motion to file under seal, Dkt. No. 33; and *sua sponte* GRANTS Plaintiff an extension of time to file an opposition to the pending summary judgment motion. The Court also addresses Plaintiff's request for a status update. Dkt. No. 34.

**DISCUSSION**

**I.    Motion to Compel**

Defendants have filed a motion to deem admitted Defendants' Request for Admissions (Set One); and to compel Plaintiff to answer, without objection, Defendants' Request for

Production of Documents (Set One) and Defendant Deverick's Interrogatories (Set One). Dkt. No. 28. Plaintiff opposes this request on the grounds that any gaps in Defendants' fact gathering were sufficiently addressed by "[his] thorough complaint, past motions/responses, [and] lengthy defense-led fact finding deposition." Dkt. No. 34. Plaintiff's objection is meritless. As explained further below, in responding to discovery responses, Plaintiff must provide an answer in good faith that directly responds to the discovery request. In responding to discovery requests, Plaintiff may not refer generally to his complaint or presume that Defendants have sufficient information based on the information elicited thus far in this litigation or information otherwise available to them. Defendants are entitled to seek discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . ." Fed. R. Civ. P. 26(b). The Court has reviewed the disputed discovery requests and find that the disputed requests seek discoverable material, are proportional to the needs of the case, and do not burden Plaintiff. If the complaint provides information responsive to the discovery requests, Plaintiff should repeat that information in his response to the discovery request.

### A. Request for Admissions ("RFAs")

Defendants propounded eight RFAs on Plaintiff. The Court has reviewed the RFAs and find that they seek information properly within the scope of discovery. The RFAs request information regarding basic factual issues, such as whether defendants Deverick and Lee were involved in the disciplinary hearing for RVR Log No. 06879968 or with the review of Grievance No. CTF-19-02959; what sanctions were received in connection with RVR Log No. 06879968; whether Plaintiff identified inmate witnesses for the hearing for RVR Log No. 06879968; and whether Plaintiff was involved in a fight with inmate Odell on July 21, 2019. Plaintiff provided the following blanket response: "To the extent to which I today understand these matters, as an inmate-layperson, is declared in my complaint; critical knowledge that I might otherwise possess has been repeatedly, systematically denied me throughout Defendants' unconstitutional management of the matters; thus, I cannot, at this stage, confirm nor deny many of these requests for admission." This answer is non-responsive and does not comply with Fed. R. Civ. P. 36. Fed. R. Civ. P. 36(a)(4) provides as follows:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4). Plaintiff's responses were not made in good faith. Plaintiff's responses did not fairly respond to the substance of the RFAs, which asked for information that was easily available to Plaintiff, i.e., known from his personal experience. Plaintiff alleges that Defendants have denied him critical knowledge, but that is irrelevant to these RFAs which ask for basic information that is known to Plaintiff. However, at this time, the Court DENIES Defendants' request to have the RFAs admitted. The Court will provide Plaintiff with an opportunity to engage in the discovery process in good faith. The Court ORDERS Plaintiff to provide, in good faith, complete responses, without objections, to the RFAs within fourteen (14) days of the date of his order. If Plaintiff fails to provide complete responses in good faith in the time provided, the Court will deem the RFAs admitted, as allowed by Fed. R. Civ. P. 36(a)(3). Plaintiff is reminded that Fed. R. Civ. P. 36(a)(3) requires that he sign his responses, and that Fed. R. Civ. P. 26(g) provides that, by signing, Plaintiff has certified that the response was made to the best of his knowledge, information, and belief, formed after a reasonable inquiry. Fed. R. Civ. P. 26(g), 33(b).

**B.     Defendant Deverick's Interrogatories**

Defendant Deverick propounded eight interrogatories on Plaintiff, asking Plaintiff to state the facts upon which he based his responses to the RFAs.

Interrogatory No. 1: Plaintiff answered Interrogatory No. 1 by referring Defendants to his response to Interrogatories Nos 2-8. As discussed below, Plaintiff's responses were non-responsive and failed to comply with Fed. R. Civ. P. 26(g).

Interrogatory Nos. 2-4: Plaintiff answered Interrogatory Nos. 2-4 by referring Defendants to his response to the RFAs. As explained in Section I.A. above, Plaintiff's answers to the RFAs were non-responsive. Plaintiff's answers to Interrogatories Nos. 2-4 are therefore also non-responsive. Plaintiff's answers to Interrogatories Nos. 2-4 also fail to comply with Fed. R. Civ. P. 26(a), which requires that discovery responses be made to the best of the person's knowledge,

information, and belief, formed after a reasonable inquiry.  Fed. R. Civ. P. 26(g).

Interrogatory No. 5:  Interrogatory No. 5 asks that Plaintiff identify the witnesses that he requested for the August 7, 2019, rules violation report hearing.  Plaintiff responded that "[i]t would not be appropriate for me to here, now memorialize witness names, their involvement was indeed, repeatedly requested of Defendants, along with witness statements Defendants gathered from hundred of eyewitnesses at scene, & through their routine investigative follow-ups."  ECF No. 19.  This answer is non-responsive and not made in good faith.  Interrogatory No. 5 requests information that is known to Plaintiff – which inmates he requested for the August 7, 2019, hearing.

Interrogatory No. 8:  Interrogatory No. 8 requests that Plaintiff identify each document or witness supporting his claims that Defendants violated his rights as alleged in the complaint.  Plaintiff referred Defendants to the complaint.  This answer is non-responsive and not made in good faith.  If there are no documents or witnesses outside of the complaint, Plaintiff must state that in his answer.  If the complaint identifies documents or witnesses responsive to Interrogatory No. 6, Plaintiff must specifically identify the relevant document(s) or witness(es) in his answer.  He may not refer Defendants generally to the complaint.

The Court GRANTS Defendants' request to compel further responses to defendant Deverick's Interrogatories Nos. 1-5, 8.  Within fourteen (14) days of the date of this order, Plaintiff must (1) provide complete responses to defendant Deverick's Interrogatories Nos. 1-5, 8, under oath and without objections; and (2) serve his responses to defendant Deverick's Interrogatories Nos. 6 and 7 with the required signature.  Plaintiff is reminded that Fed. R. Civ. P. 33(b) requires that he sign his responses, and that Fed. R. Civ. P. 26(g) provides that, by signing, Plaintiff has certified that the response was made to the best of his knowledge, information, and belief formed after a reasonable inquiry.  Fed. R. Civ. P. 26(g), 33(b).

**C.    Request for Production of Documents, Set One ("RFPs")**

Defendants propounded six RFPs on Plaintiff.  The Court has reviewed the RFPs and find that they seek information properly within the scope of discovery.  Plaintiff has not produced or identified any specific documents in response to the RFPs.  In his response to RFP Nos. 1-3,

1  Plaintiff refers Defendants to his response to Interrogatory No. 8, which, as discussed above, is
2  non-responsive and does not comply with the Federal Rules of Civil Procedure. In his response to
3  RFP No. 6, which requested that Plaintiff produce any and all documents supporting his allegation
4  that he requested inmate witnesses for the August 7, 2019, rules violation report hearing, Plaintiff
5  referred Defendants to his complaint. The complaint does not contain any documents identifying
6  witnesses. This answer is non-responsive and not made in good faith. If there are no documents
7  responsive to RFP No. 6, Plaintiff must state that in his answer. If the complaint identifies
8  documents responsive to RFP No. 6, Plaintiff must specifically identify the relevant document(s)
9  in his answer. He may not refer Defendants generally to the complaint.

10  The Court GRANTS Defendants' request to compel complete responses to Defendants'
11  RFP Nos. 1-3, 6. Within fourteen (14) days of the date of this order, Plaintiff must provide
12  complete responses to Defendants' RFP Nos. 1-3, 6, under oath and without objections; and serve
13  his responses to RFP Nos. 4 and 5 with the required signature. If there are no documents
14  responsive to these RFPs, Plaintiff must state that in his answer.

15  **II.     Motion to File Under Seal**

16  Defendants request that they be allowed to file inmate Odell's medical records from July
17  21, 2019, under seal because inmate Odell is not a party to this action and a person's right to
18  medical privacy is a compelling reason for sealing records. Dkt. No. 33. Plaintiff has not opposed
19  this motion.

20  There is a strong presumption favoring the public's right of access to court records which
21  should be overridden only for a compelling reason. *Hagestad v. Tragesser*, 49 F.3d 1430, 1433-
22  34 (9th Cir. 1995). "In general, compelling reasons sufficient to outweigh the public's interest in
23  disclosure and justify sealing court records exist when such court files might have become a
24  vehicle for improper purposes, such as the use of records to gratify private spite, promote public
25  scandal, circulate libelous statements, or release trade secrets." *Kamakana v. City & Cnty. of*
26  *Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quotation omitted). The need to protect medical
27  privacy has qualified as a 'compelling reason' for sealing records in connection with a dispositive
28  motion. *Williams v. Nev. Dep't of Corr.*, C No. 2:13-cv-941-JAD-VCF, 2014 WL 3734287, at *1

(D. Nev. Jul. 29, 2014).

Plaintiff has not opposed this motion to seal, and the medical privacy of a nonparty is a compelling reason for sealing records. The Court GRANTS Defendants' motion to seal inmate Odell's medical records from July 21, 2019, filed at Dkt. No. 33-1. Dkt. No. 33. Dkt. No. 33-1 shall remain under seal until the conclusion of this case and any appellate proceedings. If counsel for Defendants does not request that these documents be returned following the conclusion of this case and any appellate proceedings, these documents will be destroyed in conformance with the normal records destruction policy of the United States Courts.

### III. Resetting Briefing Schedule

Plaintiff's opposition to the summary judgment motion was due November 19, 2021. Plaintiff has not filed an opposition or sought an extension of time. The Court *sua sponte* GRANTS Plaintiff an extension of time to April 1, 2022, to file his opposition to the summary judgment motion. Defendants' reply is due within fourteen (14) days of the date the opposition is filed.

Plaintiff's opposition is three months overdue. If Plaintiff fails to file an opposition by April 1, 2022, the Court will deem the summary judgment motion ripe for review at that time. Any request by Plaintiff for an extension of time beyond April 1, 2022, must be accompanied by a showing of good cause for the significant delay in opposing the summary judgment motion. Plaintiff is reminded that it is his responsibility to prosecute the case, which includes complying with the Court's orders in a timely fashion.

There is nothing in the record that indicates that Plaintiff has not received the summary judgment motion. Defendants have filed a proof of service with their summary judgment motion, indicating that the summary judgment motion was served on Plaintiff at his address of record. Plaintiff has received Court mailings sent to him at his address of record. *See*, *e.g.*, Dkt. No. 36. However, in an abundance of caution, the Court orders Defendants to re-serve a courtesy copy of the summary judgment motion (Dkt. No. 32) on Plaintiff within **seven (7) days** of the date of this order.

### IV. Plaintiff's Request for Status Update

On October 25, 2021, Plaintiff filed with the Court a letter requesting a "proper status update." Dkt. No. 34. This letter also opposes the motion to compel, alleges that Defendants are considering a settlement offer, and alleges that Defendants have engaged in constitutional actions and are trying to distract the Court from meritorious issues. The Court has provided Plaintiff with a courtesy copy of the docket sheet under separate cover, which informs him what action has been taken in this case to date. Plaintiff's arguments regarding the merits of his claim should be presented in his opposition to the dispositive motion.

## CONCLUSION

For the reasons set forth above, the Court orders as follows.

1. The Court GRANTS IN PART AND DENIES IN PART Defendants' motion to compel. Dkt. No. 28. The Court DENIES Defendants' request to have the RFAs admitted. The Court GRANTS Defendants' request to compel further answers to discovery requests as follows.

Within fourteen (14) days of the date of his order, Plaintiff shall provide, in good faith, complete responses, without objections and with the required signature, to (1) the Request for Admissions, Set One (eight requests in total), propounded upon Plaintiff on April 20, 2021; (2) defendant Deverick's Interrogatories Nos. 1-5, 8; and (3) Defendants' RFP Nos. 1-3, 6. If Plaintiff fails to provide complete responses in good faith to the RFAs in the time provided, the Court will deem the RFAs admitted.

Within fourteen (14) days of the date of his order, Plaintiff must serve on Defendants his responses to defendant Deverick's Interrogatories Nos. 6 and 7 and to RFP Nos. 4 and 5, with the required signature.

**Plaintiff is cautioned that he should not file his discovery responses with the Court.** Discovery requests and responses are normally exchanged between the parties without any copy sent to the Court. *See* Fed. R. Civ. P. 5(d) (listing discovery requests and responses that "must not" be filed with the court until they are used in the proceed or if the court orders otherwise).

2. The Court GRANTS Defendants' motion to seal inmate Odell's medical records from July 21, 2019, which is filed at Dkt. No. 33-1. Dkt. No. 33. Dkt. No. 33-1 shall remain under seal until the conclusion of this case and any appellate proceedings. If counsel for

7

1  Defendants does not request that these documents be returned following the conclusion of this
2  case and any appellate proceedings, these documents will be destroyed in conformance with the
3  normal records destruction policy of the United States Courts.

4      3.     The Court resets the briefing schedule as follows.  The Court *sua sponte* GRANTS Plaintiff an extension of time to April 1, 2022, to file his opposition to the summary judgment motion.  Defendants' reply is due within fourteen (14) days of the date the opposition is filed.  If Plaintiff fails to file an opposition by April 1, 2022, the Court will deem the summary judgment motion ripe for review at that time.

9      4.     The Court orders Defendants to re-serve a courtesy copy of the summary judgment motion (Dkt. No. 32) on Plaintiff within **seven (7) days** of the date of this order.

This order terminates Dkt. Nos. 28, 33.

**IT IS SO ORDERED.**

Dated: 3/7/2022

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge